UNITED STATES DISTRICT COURTS
EASTERN DISTRICT OF TEXAS
__Sherman__ DIVISION

Devon Hughes
1626 Willow Way
Anna, TX 75409
Name of Plaintiff(s)

vs

Per Scholas, INC.,
804 E 138th Street 2nd floor
Bronx, NY 10454
Name of Defendant(s)

Case Number: 4:25CV1449 SDJ/BD

FILED
DEC 29 2025
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

Note: If plaintiff is alleging employment discrimination based on race or color, please also see 42:U.S.C. 1981

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the court by 42 U.S.C. 2000e-5. Equitable and other relief are also sought under 42 U.S.C. 2000e-5(g).

2. Plaintiff, __Devon Hughes__, is a citizen of the United States
   (name of plaintiff)
   and resides at __1626 Willow Way__, __Anna__,
                    (street address)              (city)
   __Collin__, __Texas__, __75409__, __9453794670__.
   (county)    (state)    (zip)    (telephone)

3. Defendant, **Per Scholas, INC** , resides at, or its business is
   (name of defendant)
   located at **804 E 138th Street, 2nd floor** , **Bronx** ,
   (street address)                                    (city)
   **Bronx** , **NY** , **10454** , _____ .
   (county)      (state)    (zip)         (telephone)

4. Plaintiff sought employment from the defendant or was employed by the defendant
   at **600 N Pearl St** , **Dallas** ,
   (street address)                           (city)
   **Dallas** , **TX** , **75201** .
   (county)      (state)    (zip)

5. Defendant discriminated against plaintiff in the manner indicated in paragraphs 9 and 10
   of the complaint on or about **Oct. 18, 2022** .
   (month, day, year)

6. Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission charging defendant with the acts of discrimination indicated in paragraphs 9 and 10 of this complaint on or about **December 1st. 2023** .
   (month, day, year)

7. The Equal Employment Commission issued a Notice of Right to Sue which was received by plaintiff on **September 25, 2025** .
   (month day, year)

8. Because of plaintiff's (1) _____ race, (2) _____ color, (3) ✓ sex, (4) ✓ national origin, defendant:

   a. _____ failed to employ plaintiff.

   b. ✓ terminated plaintiff's employment.

   c. _____ failed to promote plaintiff.

   d. _____ Other _____

   _____

   _____

9. The circumstances under which the defendant discriminated against plaintiff were as follows:

   see attached document in filling

10. The acts set forth in paragraph 9 of this complaint:

    a. \_\_\_\_\_ are still being committed by defendant.

    b. \_\_\_\_\_ are no longer being committed by defendant.

    c. ✓ defendant may still be committing the acts.

11. Plaintiff attaches to this complaint a copy of the charges filed with the Equal Employment Opportunity Commission which charges are submitted as a brief statement of the facts supporting this complaint. WHEREFORE, Plaintiff prays that the Court grant the following relief to the plaintiff:

    a. \_\_\_\_\_ Defendant be directed to employ plaintiff.

    b. \_\_\_\_\_ Defendant be directed to re-employ plaintiff.

    c. \_\_\_\_\_ Defendant be directed to promote plaintiff.

    d. ✓ Defendant be directed to _see attached document_ and that the

Court grant such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

_____
(Signature of Plaintiff)

CAUSE NO. _____
IN THE DISTRICT COURT OF ~~DH~~ *United States District Court of Texas*
~~DALLAS COUNTY, TEXAS~~
*Sherman* JUDICIAL DISTRICT

**DEVON HUGHES,**
**Plaintiff**

v.

**PER SCHOLAS, INC.,**
**Defendant**

### PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Devon Hughes, and files this First Amended Original Petition against Defendant, Per Scholas, Inc., and in support thereof would respectfully show the Court the following:

I. INTRODUCTION / NATURE OF THE ACTION
1. This lawsuit arises from Defendant's unlawful employment practices, including gender discrimination, retaliation, wrongful termination, and a series of unauthorized intrusions and other tortious conduct directed at Plaintiff following her protected complaints. Plaintiff brings claims under federal and state law and for related common-law torts arising from Defendant's conduct.

2. In addition to the previously-pleaded allegations (gender discrimination, retaliation, FMLA interference/retaliation, wrongful termination, etc.), Plaintiff alleges the following harmful and unlawful acts by Defendant that materially increased the harm to Plaintiff and require additional causes of action and relief:

II. PARTIES, SERVICE, JURISDICTION, AND VENUE
(Include the same or updated Party / Service / Jurisdiction / Venue paragraphs as in the original petition.)

III. FACTUAL ALLEGATIONS — ADDITIONAL ALLEGATIONS REGARDING UNAUTHORIZED ACCESS, DAT MANIPULATION, HARASSMENT, AND INTERFERENCE
3. Plaintiff was employed by Defendant as Manager of Business Solutions (later redesignated as Talent Solutions) and performed satisfactorily, with demonstrable high placement percentages under her supervision.

4. Beginning on or before February 28, 2025, and continuing thereafter, Plaintiff discovered that Defendant, through use of Plaintiff's Per Scholas work email account dhughes@perscholas.org, accessed Plaintiff's personal and business cloud storage and accounts without Plaintiff's consent. Plaintiff alleges on information and belief that Defendant used the Per Scholas account credentials or otherwise leveraged its access to Plaintiff's Per Scholas user account to access documents and files that Plaintiff maintained in the following accounts and locations:
  a. Personal Google account: devonkmoore79@gmail.com

    b. Business Google account: innerdepthreflection@gmail.com
    c. Business email/hosting domain: accounts tied to partymanlasvegas.com
    d. Dropbox account(s) associated with Plaintiff
    e. Adobe Scan account where Plaintiff served as administrator prior to removal

5. Plaintiff alleges that Defendant or persons acting at Defendant's direction or with Defendant's apparent access did the following acts (each alleged as unauthorized and without Plaintiff's consent):
    a. Accessed files stored in Plaintiff's personal Google Drive (devonkmoore79@gmail.com) and other cloud storage;
    b. Downloaded, copied, or otherwise accessed documents stored in Plaintiff's personal and business accounts;
    c. Altered documents related to Plaintiff's EEOC charge and other employment matters and/or otherwise corrupted files and folders;
    d. Removed Plaintiff's personal email (devonkmoore79@gmail.com) as the administrator of Plaintiff's Adobe Scan account and replaced it with dhughes@perscholas.org as administrator;
    e. Used documents from Plaintiff's personal accounts as purported evidence in the matter against Plaintiff; and
    f. Failed to preserve original unaltered copies or otherwise engaged in conduct that caused loss, corruption, or destruction of electronic evidence.

6. Plaintiff maintains that she has preserved hard copies of certain documents which demonstrate inconsistency and manipulation of electronic versions. Plaintiff alleges that the presence of altered or corrupted files, together with administrative changes (removal of her admin privileges and replacement by a Per Scholas account), are consistent with unauthorized access and tampering.

7. After filing internal complaints and the EEOC charge, Plaintiff experienced a pattern of electronic intrusions and targeted surveillance that she believes are related to Defendant's unlawful conduct:
    a. Plaintiff's personal and business social-media accounts were accessed and compromised (hacked);
    b. Plaintiff's devices (laptops, desktop computers, tablets, and phones) showed signs of unauthorized access;
    c. Plaintiff's home internet and other internet-connected devices, including televisions and vehicle systems, exhibited signs of compromise;
    d. Plaintiff's telephone calls were being monitored or surveilled;
    e. Every account Plaintiff opened or used was repeatedly compromised; and
    f. As a direct result of these intrusions and security compromises, Plaintiff has been unable to work, obtain contracts, or engage in ordinary business activities because all relevant files and accounts are compromised, corrupted, or inaccessible.

8. Plaintiff believes, on information and belief, that Defendant — an organization with IT capability and access to Plaintiff's workplace account infrastructure — either directly accessed Plaintiff's personal and business accounts, or permitted, directed, or failed to prevent third parties with access to Defendant's systems from doing so.

9. Plaintiff further alleges that Defendant's acts described above were malicious, willful, oppressive, and in conscious disregard of Plaintiff's rights.

IV. ADDITIONAL CAUSES OF ACTION (PLEADED ALTERNATIVELY AND IN THE ALTERNATIVE)
COUNT IV — INVASION OF PRIVACY / UNAUTHORIZED ACCESS

10. Plaintiff reincorporates all preceding paragraphs. Defendant intentionally intruded upon Plaintiff's solitude, seclusion, or private affairs by accessing Plaintiff's personal and business accounts and files without consent. The intrusion was substantial and would be highly offensive to a reasonable person. Plaintiff has been damaged by this intrusion.

COUNT V — TRESPASS TO CHATTELS / COMPUTER TAMPERING
11. Plaintiff reincorporates all preceding paragraphs. Defendant intentionally interfered with Plaintiff's electronic devices, accounts, and files in a manner that deprived Plaintiff of use of those chattels and services and caused loss, corruption, and damage to Plaintiff's property. Defendant's unauthorized access to or control over Plaintiff's digital property constituted trespass to chattels and caused actual damages.

COUNT VI — TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS / PROSPECTIVE BUSINESS ADVANT
12. Plaintiff reincorporates all preceding paragraphs. Defendant's unlawful acts (including unauthorized access, corruption of files, and cyberstalking) foreseeably interfered with Plaintiff's ability to pursue employment and business opportunities, causing loss of income and impairment of future business relationships.

COUNT VII — CIVIL HARASSMENT / STALKING (STATE LAW CLAIMS)
13. Plaintiff reincorporates all preceding paragraphs. Defendant's repeated, unwanted, and malicious intrusions upon Plaintiff's personal digital life constitute harassment and stalking under applicable state law and caused severe emotional distress, fear for safety, and impairment of daily activities and employment.

COUNT VIII — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
14. Plaintiff reincorporates all preceding paragraphs. Defendant's extreme and outrageous conduct in repeatedly invading Plaintiff's privacy, altering and corrupting her professional records, and causing continuous monitoring and compromise of Plaintiff's devices was intentional or reckless and resulted in severe emotional distress.

COUNT IX — STATUTORY AND FEDERAL CLAIMS (AS APPLICABLE)
15. Plaintiff alleges that Defendant's unauthorized access to computers, accounts, and information may constitute violations of federal statutes (including, but not limited to, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030) and any state computer-trespass or privacy statutes to the extent applicable. Plaintiff reserves the right to pursue these statutory claims and to seek injunctive, forensic, and other relief under federal or state statutes.

V. PRESERVATION AND REQUEST FOR SPOLIATION PREVENTION / FORENSIC RELIEF
16. Plaintiff respectfully requests that this Court order immediate preservation of all electronic and hard-copy evidence in the possession, custody, or control of Defendant (and any third parties acting on its behalf) relating to:
   a. user accounts and login information for dhughes@perscholas.org;
   b. access logs, audit trails, administrative actions, and configuration changes relating to Plaintiff's Per Scholas account;
   c. all documents originating from or stored in devonkmoore79@gmail.com, innerdepthreflection@gmail.com, partymanlasvegas.com hosting/email, Dropbox accounts, and Adobe Scan accounts;
   d. any downloads, copies, transfers, or access to Plaintiff's files or folders; and
   e. any communications, internal or external, relating to Plaintiff or any actions taken against Plaintiff following her protected complaints.

17. Plaintiff requests that the Court allow Plaintiff to perform forensic examinations of

**EXHIBITS APPENDIX**

**Devon Hughes v. Per Scholas, Inc.**

Exhibit A: Copy of EEOC Charge of Discrimination (Charge No. 450-2023-06791) and Amended Charge

Exhibit B: Employment records, job description, and performance evaluations (Manager of Business Solutions / Talent Solutions)

Exhibit C: Copies of weekly placement reports and evidence of unequal reporting requirements vs. male colleagues

Exhibit D: Email correspondence regarding altered job responsibilities and retaliatory conduct

Exhibit E: Performance KPI data, placement statistics, and evidence of misrepresentation by company leadership

Exhibit F: Write-ups issued during FMLA-protected leave periods

Exhibit G: Hard copies of original documents compared against altered or corrupted digital versions

Exhibit H: Evidence of unauthorized access to Google Drive (devonkmoore79@gmail.com) and Dropbox

Exhibit I: Evidence of unauthorized access to business accounts (innerdepthreflection@gmail.com, partymanlasvegas.com)

Exhibit J: Adobe Scan administrative account change records (removal of Plaintiff's admin access, replaced with dhughes@perscholas.org)

Exhibit K: Screenshots, forensic logs, or reports showing corrupted or missing files/folders

Exhibit L: Communications with Per Scholas directors (Josh Boyce and Ossie Harris) regarding discrimination complaints

Exhibit M: Forensic evidence or expert report of device/network intrusions (computers, phones, car, internet, TV)

Exhibit N: Evidence of compromised social media and business accounts following EEOC complaint

Exhibit O: Timeline summary of retaliatory actions, intrusions, and damages sustained

devices and accounts or, alternatively, order Defendant to preserve and produce forensic images and logs to a neutral third-party forensic expert.

## VI. DAMAGES

18. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer:
   a. lost wages, lost employment benefits, and lost business opportunities;
   b. loss and/or corruption of business records and data;
   c. financial losses associated with remediation and recovery of electronic systems;
   d. severe mental pain and anguish;
   e. reputational injury; and
   f. attorneys' fees and costs.

19. Plaintiff seeks all damages available under statute and common law, including compensatory damages, consequential damages, punitive damages, exemplary damages (for willful and malicious conduct), attorneys' fees, costs of court, and pre- and post-judgment interest.

## VII. REQUEST FOR INJUNCTIVE RELIEF

20. Plaintiff requests preliminary and permanent injunctive relief restraining Defendant and any persons acting in concert with Defendant from:
   a. accessing Plaintiff's personal and business accounts and devices;
   b. altering, deleting, copying, or tampering with documents or files belonging to Plaintiff;
   c. destroying, concealing, or altering any evidence relevant to this litigation; and
   d. engaging in further harassment, stalking, or surveillance of Plaintiff.

## VIII. CONDITIONS PRECEDENT

21. All conditions precedent to filing this action have been performed or have occurred. Plaintiff timely filed a charge of discrimination with the EEOC (Charge No. 450-2023-06791) and has timely amended that charge; Plaintiff will comply with any further administrative prerequisites as required.

## IX. JURY DEMAND

22. Plaintiff demands a trial by jury on all issues so triable.

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that upon final hearing, Plaintiff have judgment against Defendant for:
   1. Actual and compensatory damages in an amount to be proven at trial;
   2. Punitive and exemplary damages for willful, malicious, oppressive and fraudulent conduct;
   3. Injunctive relief as requested above;
   4. Pre-judgment and post-judgment interest at the lawful rate;
   5. Costs of suit and reasonable attorneys' fees;
   6. Forensic costs and costs of recovering and restoring Plaintiff's electronic property and data; and
   7. Such other and further relief, both general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

[Plaintiff or Counsel Name] Devon Hughes
[Address] 1626 Willow Way Anna TX 75409
[Phone] 945-379-4670

[Email]

VERIFICATION

I, Devon Hughes, hereby declare under penalty of perjury under the laws of the State of Texas that the facts stated above are true and correct to the best of my knowledge, information and belief.

Signed: 
Date: 12-29-25

NOTARY (if required)

State of Texas.
County of Collin
Notary Expiration: 6/27/2028
William V. Sharkoski III

WILLIAM V SHARKOSKI III
Notary Public
STATE OF TEXAS
My Comm. Exp. 06-27-28
Notary ID # 134925474